UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARACELLY MENA DOMINGUEZ, | Case No. 18-CV-1671 (DWF/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT T. DEWEY, | |
| Defendant. | |

Plaintiff Aracelly Mena Dominguez has been involved in protracted and antagonistic child-custody proceedings with defendant Scott T. Dewey in state court.[1] In both this and a companion case, Mena Dominguez seeks to recover from Dewey for injuries she has suffered during those proceedings due, she alleges, to Dewey's misrepresentations.

Mena Dominguez has not adequately pleaded the basis for this Court's jurisdiction in this matter. She alleges that this Court has jurisdiction both because it presents a federal question and because the parties are of diverse citizenship, but the citizenship of neither Mena Dominguez nor Dewey is provided in the complaint, and the only grounds upon which Mena Dominguez claims that a federal question is presented is that Dewey is a veteran — an irrelevancy as far as jurisdiction is concerned. *See* Compl. at 3 [ECF

---

[1] Those proceedings are described in somewhat greater detail in the Report and Recommendation entered in *Mena Dominguez v. Family Court Dist. 4*, No. 18-SC-1594 (DWF/DTS) (D. Minn.).

1

No. 1]. It is the plaintiff's obligation to include in her pleading "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). In this Mena Dominguez has failed. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Moreover, Mena Dominguez primarily appears to be treating this action as an attempted appeal from the state-court litigation. This is squarely foreclosed by the *Rooker-Feldman*[2] doctrine, which "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). Put plainly, a litigant may not appeal a non-habeas action from state court to federal district court. If Mena Dominguez believes that the orders, rulings, and judgments entered in state court were erroneous, she may seek review with the Minnesota appellate courts. This Court, however, may not sit in appellate judgment of those decisions.

For these reasons, it is recommended that this action be dismissed without prejudice for lack of jurisdiction.

---

[2] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Plaintiff Aracelly Mena Dominguez's application to proceed *in forma pauperis* [ECF No. 4] be DENIED.

Dated: August 15, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).